IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

CARLA CRAINE                                                                PETITIONER

V.                                                           NO. 4:14-CV-00035-DMB-JMV

STATE OF MISSISSIPPI                                             RESPONDENT

## MEMORANDUM OPINION

This matter comes before the Court on the *pro se* petition of Carla Craine[1] for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has moved to dismiss the petition as untimely filed under 28 U.S.C. § 2244(d)(2). Doc. #13. Craine has not responded to the motion, and the deadline to do so has expired. The matter is ripe for resolution. For the reasons set forth below, the State's motion to dismiss will be granted and the instant petition for a writ of *habeas corpus* dismissed as untimely filed.

### Facts and Procedural Posture

Carla Craine is in the custody of the Mississippi Department of Corrections and is currently housed at the Central Mississippi Correctional Facility in Pearl, Mississippi. She pled guilty to manslaughter in the Circuit Court of LeFlore County, Mississippi. On December 5, 2011, under her plea agreement, Craine was sentenced to serve a term of twenty years in the custody of the Mississippi Department of Corrections. In Mississippi, there is no direct appeal from a guilty plea. *See* Miss. Code Ann. § 99-35-101.

In her petition, Craine acknowledges that she has not filed any appeals of her plea or sentence. Likewise, Craine has not filed any post-conviction motions in the Leflore County

---

[1] The Mississippi Department of Corrections spells the petitioner's last name "Crane;" the Court will, however, use the spelling "Craine," which the petitioner herself provided.

Circuit Court. In addition, Craine has not sought relief in the Mississippi Supreme Court challenging this plea and sentence.[2]

## One-Year Limitations Period

Decision in this case is governed by 28 U.S.C. § 2244(d), which provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U. S.C. § 2244(d)(1) and (2).

Craine's judgment became final on December 5, 2011, the day she was sentenced on her guilty plea. *See Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003). Thus, the deadline to file her petition for a writ of *habeas corpus* in federal court became December 5, 2012 (December 5,

---

[2] Craine is also serving a sentence of twenty years after pleading guilty to manslaughter in the Washington County Circuit Court. She is serving this sentence consecutively to her LeFlore County sentence. The Washington County plea and sentence are the subject of a separate *habeas corpus* petition in this Court, Cause No. 4:14-cv-00037-DMB-DAS.

2

2011 + 1 year). Craine did not submit a "properly filed" application for post-conviction relief, as contemplated by 28 U.S.C. § 2244(d)(2), on or before December 5, 2012. As such, she does not benefit from statutory tolling of the limitations period. *See Grillette v. Warden, Winn Correctional Ctr.*, 372 F.3d 765, 769 (5th Cir. 2004); *Flanagan v. Johnson*, 154 F.3d 196, 201 (5th Cir. 1998); *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998). In addition, Craine has not alleged any "rare and exceptional" circumstances to warrant equitable tolling. *See Ott v. Johnson,* 192 F.3d 510, 513-14 (5th Cir. 1999).

Under the "mailbox rule," the instant *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date the petitioner delivered it to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). In this case, the federal petition was filed sometime between the date it was postmarked[3] on February 20, 2014, and the date it was received and stamped as "filed" in the district court on February 25, 2014. Giving the petitioner the benefit of the doubt by using the earlier date, the instant petition was filed 442 days after the December 5, 2012, filing deadline. The instant petition will thus be dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this the 23rd day of October, 2014.

/s/ **Debra M. Brown**
**UNITED STATES DISTRICT JUDGE**

---

[3] Normally, the Court would use the date a petitioner signed the petition to determine its timeliness. In this case, however, Craine did not date her petition. The postmark on the petition reflects the date of February 20, 2014, and the Court will use that date for the calculation.